UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                              )
                              )
In Re: Shelva Jones           )   NO. 04-MBD-10048-RCL
                              )
                              )
                              )
```

**MEMORANDUM AND ORDER**

For the reasons stated below, plaintiff's request for waiver of PACER fees is denied.

BACKGROUND

Ms. Shelva Jones, who does not have a case pending in this court, has submitted a request for a waiver of PACER ("Public Access to Court Electronic Records") access fees. Her request states that she needs "to research cases using PACER in order to develop [her] legal theories for a cause of action in ongoing matters by looking for existing case law."

Ms. Jones also submitted a financial affidavit (Form CJA 23) which shows that she is not employed and has no income other than AFDC payments in the amount of $274.00/month. She has no significant assets and two minor children who are dependent on her for support.

DISCUSSION

Upon motion, a district court has the authority, under certain circumstances, to exempt certain persons or classes of persons from the fees associated with PACER use.[1]  See 28 U.S.C. § 1914 (setting forth the Judicial Conference's Electronic Public Access Fee Schedule and Policy Notes).  The Judicial Conference's Electronic Public Access Fee Schedule states as follows:

> [C]ourts may, *upon a showing of cause*, exempt indigents...from payment of these fees.  Courts must find that parties from the classes or entities listed above seeking exemption have demonstrated that an exemption is necessary *in order to avoid unreasonable burdens and to promote public access to information*.

(emphasis added).  Accordingly, an indigent person is eligible for a waiver of PACER fees if she shows both that an exemption is necessary in order to avoid unreasonable burdens and also that it is necessary to promote public access to information.  In reviewing a request for such an exemption, the Court is mindful that the Judicial Conference Policy Notes following the Electronic Public Access Fee Schedule state that fee-waived access to PACER "should be granted as the exception, not the

---

[1] Neither 28 U.S.C. § 1914, the Judicial Conference Schedule of Fees for PACER, nor the Judicial Conference Advisory Notes (following § 1914) clearly require a person requesting an exemption from PACER fees to have a case pending in the court in which the request is made.

2

rule."

In this case, Ms. Jones' financial affidavit shows that she would qualify to proceed without prepayment of court fees if she were filing a civil action in this Court.  However, with respect to the specific showing necessary to obtain a waiver of PACER fees, Ms. Jones has not even alleged that an exemption is necessary in order to avoid unreasonable burdens, nor has she demonstrated that such an exemption is necessary to promote public access to information.  At best, her request appears to constitute a request for free legal research.  It does not appear to be the kind of request contemplated by the Judicial Conference in creating a limited exemption to PACER fees.  Accordingly, Ms. Jones' request for an exemption to PACER fees will be denied.

The Court notes, however, that the public can view electronic records of cases filed in this judicial district via several computer terminals located in the public area of the Clerk's office.  There is no charge for use of these computers, although users must pay a fee for printer use.

<u>ORDERS</u>

Accordingly, it is hereby ORDERED that Ms. Jones' request for an exemption to PACER fees is denied; and it is further

ORDERED that the Clerk is directed to provide Ms. Jones with a copy of the Court's "Step-By-Step Guide to Filing A Civil

3

Action" and a list of free legal services providers.

SO ORDERED.

Dated at Boston, Massachusetts, this 12th day of February, 2004.


                          s/ Reginald C. Lindsay
                       UNITED STATES DISTRICT JUDGE